IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Illinois Union Insurance Company,    )
   )
     Plaintiff,    )     Case No. 23-cv-01054-PAB-NRN
   )
v.    )
   )
Club Valencia Condominium Owners    )
Association, Inc.    )
   )
     Defendant.    )

---

**FINAL PRETRIAL
ORDER**

---

## 1.  DATE AND APPEARANCES

On May 12, 2026, the following counsel appeared for the parties' final pretrial conference:

| | |
|---|---|
| Matthew S. Ponzi<br>Christopher M .Snow<br>Foran Glennon Palandech Ponzi & Rudloff<br>222 North LaSalle St., Suite 1400<br>Chicago, IL 60601<br>(312) 863-5000<br>Attorneys for Plaintiff | M. Stuart Anderson<br>Thomas H. Wagner<br>Anderson Law Group<br>7385 W Hwy 50<br>Salida, CO 81201<br>(719-539-7003)<br>Attorneys for Defendant |

## 2.  JURISDICTION

Plaintiff is a citizen of Illinois and Pennsylvania. Defendant is a citizen of Colorado. The

amount in controversy exceeds $75,000, exclusive of interest. This court has diversity jurisdiction

pursuant to 28 U.S.C. 1332.

2

### 3. CLAIMS AND DEFENSES

a. **Plaintiff**:

Plaintiff insured Defendant pursuant to a property insurance policy ("Policy") providing coverage for direct physical loss or damage to covered property, subject to all terms, conditions, limitations, and exclusions set forth in the Policy. The Policy included a "Duties in the Event of Loss or Damage" provision requiring Defendant to cooperate in Plaintiff's claim adjustment and make damaged property available for inspection. The Policy also included a Protective Safeguards endorsement requiring Defendant to maintain hard-wired smoke detectors in each of its condominium units.

Defendant sought insurance coverage for two fires occurring at its condominium buildings, the first of which occurred on November 3, 2022 and the second of which occurred on February 1, 2023. Plaintiff contends that Defendant failed to cooperate in its investigation with respect to the November 3, 2022 fire by failing to preserve damaged property or make the property available for inspection. Moreover, Defendant failed to maintain hard-wired smoke detectors in its condominium units. Plaintiff denied coverage for damage caused by the November 3, 2022 fire based on the Policy's Duties in the Event of Loss or Damage provision and Protective Safeguards endorsement. Plaintiff denied coverage for the February 1, 2023 fire based on the Protective Safeguards endorsement.

b. **Defendant/Counterclaim Plaintiff**:

IUIC, a Chubb Group insurance company, sold Club Valencia an insurance policy which, among other coverage protections, included protection against loss in the event of fire. The term of said insurance policy was from November 1, 2022, to November 1, 2023. Two (2) fires occurred during the term of the relevant insurance policy. The first fire occurred on November 3, 2022, and

the second fire occurred on February 1, 2023 ("Fire 1" and "Fire 2").

Immediately after Fire 1, IUIC set in motion an adjustment of the claim for Fire 1 with the aim of denying, delaying, and diminishing the claim for Fire 1. IUIC's goal is shown by IUIC's unreasonable investigation, its unreasonable interpretation of the insurance contract, and its unreasonable decision to deny the insurance claim for Fire 1. IUIC would later repeat its same unreasonable and wrongful conduct in the adjustment of the claim for Fire 2.

IUIC denied the claim for Fire 1 on January 11, 2023, citing (1) the Protective Safeguard Endorsement ("PSE") related to hardwired smoke detectors and (2) alleged non-cooperation by Club Valencia in regard to a single inspection being cut short and alleged insufficient securing of the fire scene. IUIC denied the claim for Fire 2 on March 10, 2023, based solely on the PSE related to hardwired smoke detectors. IUIC filed this lawsuit shortly after.

The parties filed dueling motions for partial summary judgment (ECF 188 and 198). On March 10, 2026, the Court issued a ruling invalidating IUIC's denial of coverage for Fire 1 and Fire 2 based on the PSE.

In its ruling of March 10, 2026, the Court also denied IUIC's request to dismiss Club Valencia's claims for common law bad faith and statutory bad faith pursuant to C.R.S. §10-3-1116. IUIC engaged in unreasonable and reckless conduct in violation of the insurance contract, C.R.S. §10-3-1116, C.R.S. §10-3-1118, C.R.S. §10-3-1104(1)(h)(I-XIV), and industry standards. IUIC's conduct has resulted in over 160 unit owners and residents being deprived of the use of their units since Fire 1 and Fire 2. IUIC utilized an expansive and erroneous interpretation of the PSE to deny coverage for Fire 1 and Fire 2, and it still relies on unsupported allegations of non-cooperation in regard to Fire 1 that violate Colorado law (C.R.S. §10-3-1118).

Club Valencia's claims and defenses remaining for trial are as follows:

4

Breach of Contract: IUIC breached its insurance contract, including the covenant of good faith and fair dealing, and violated Colorado law incorporated into the insurance contract by public policy by denying coverage for Fire 1 and Fire 2.  The policy limit for each fire is approximately $5,000,000.00 for a total of $10,000,000.00 in coverage altogether for the two (2) fires.  The damage from each fire exceeds the $5,000,000.00 in coverage for each fire under the contract.  Club Valencia is seeking $5,000,000.00 for Fire 1 and $5,000,000.00 for Fire 2 for a total of $10,000,000.00, minus any deductible, plus any additional coverage if applicable, plus prejudgment interest and costs.

Bad Faith Breach of Insurance Contract:  IUIC violated its tort duties to Club Valencia imposed by the common law claim of bad faith breach of insurance contract, including the duties imposed by said common law.  Club Valencia is asserting damages for this claim concurrently with the damages for breach of contract, consequential damages, prejudgment interest, and costs.

C.R.S. §10-3-1116:  IUIC unreasonably denied benefits for both Fire 1 and Fire 2. Despite the Court's rulings invalidating its denial of claims for both fires on the PSE, IUIC has paid nothing to date.  Club Valencia is seeking two (2) times the benefits unreasonably denied, attorney fees, and costs.

F.R.C.P. 57:  Club Valencia seeks a declaration of its rights in and to insurance benefits under the policy issued by IUIC, including a declaration of the applicable coverages and limits of the policy, a determination of damages from Fire 1 and Fire 2, and any amounts due or that should be due but for IUIC's wrongful acts under the applicable coverages based on the determination of all damages including prejudgment interest and costs.

Club Valencia's Defenses to IUIC's F.R.C.P. 57 Claims:  IUIC's denial of coverage for Fire 1 and Fire 2 based on the PSE related to hardwired smoke detectors has already been held to be not a valid contractual defense to coverage.  Accordingly, because IUIC's sole coverage defense for Fire 2 has been held invalid, IUIC's request for a declaratory judgment against coverage for Fire 2 must

5

be denied.  IUIC's remaining declaratory judgment request for Fire 1 based on alleged non-cooperation in regard to a single inspection and securing of the fire scene remains to be adjudicated at trial.  IUIC's remaining defense for Fire 1 will fail because IUIC committed bad faith by asserting non-cooperation in violation of C.R.S. §10-3-1118.  The evidence, based on the sworn testimony of IUIC's own adjuster and fire investigators, will show that IUIC's assertion of non-cooperation was without factual basis, legally meritless, and asserted in bad faith with the aim of denying the insurance claim for Fire 1.

Club Valencia hereby incorporates its operative Answer and Counterclaim, its pleadings, discovery responses, and disclosures by reference.

## 4. STIPULATIONS

a. The following facts are undisputed:

1. IUIC is an insurance company incorporated in Illinois with its principal place of business in Pennsylvania.

2. Club Valencia Condominium Owners Association, Inc. is a nonprofit condominium association incorporated in Colorado with its principal place of business in Colorado.

3. IUIC issued an all-risk Commercial Property Insurance Policy with a one (1) year term that commenced November 1, 2022, to Club Valencia with Policy No. D42258003 005 (the "Policy").

4. The Policy covers certain real property located 1300 South Parker Rd., Denver, Colorado ("the Club Valencia Condominium Complex") and as may be described in other documents such as the schedules on file with the Plaintiff.

5. The Policy covers risk of direct physical loss or damage to covered property, including direct physical loss or damage to covered property caused by fires, subject to all terms, conditions, limitations, and exclusions set forth in the Policy.

6. Prior to issuance of the Policy, IUIC issued a binder of insurance to Club Valencia.

7. On November 3, 2022, Defendant had a fire in one of the condominium units at the Club Valencia Condominium Complex which caused damage to the unit, other units, and common areas in the Complex.

8. On February 1, 2023, Defendant had a fire in another one of the condominium units at the Club Valencia Condominium Complex which caused damage to the unit, other units, and common areas in the Complex.

9. The November 3, 2022 fire originated in Unit 209 at Club Valencia and that the resident stated to the investigators that he had left an iron on which started cause that fire.

10. The February 1, 2023 fire originated in Unit 181 at Club Valencia and that fire was a kitchen fire.

11. Both fires were reported promptly and first responders arrived at the property within 10-12 minutes of the reporting of the fires.

12. IUIC denied coverage for the November 3, 2022 fire on January 11, 2023.

13. IUIC denied coverage for February 1, 2023 fire on March 10, 2023.

14. IUIC utilized Drew Gause from Sedgwick Insurance Services, Inc. to act as an independent adjuster in connection with its investigation and adjustment of the insurance claims for the fires.

7

15. IUIC utilized David Royal, among others, in connection with its

investigation and adjustment of the insurance claims for the fires.

b.  The parties stipulate to the following in regard to the laws  applicable to their

claims and defenses:

1.  Colorado law applies to the parties' claims and defenses.

## 5.  PENDING MOTIONS

1.  IUIC intends to file a Motion for Reconsideration of the Court's March 10, 2026

Order on Cross Motions for Summary Judgment.

## 6.  WITNESSES

### Plaintiff

a.     List the nonexpert witnesses to be called by each party.  List separately:

(1)     witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

(1)     **Ashley Argyle,** Chubb, c/o undersigned counsel**.** Ms. Argyle may testify regarding IUIC's claim handling, the basis for IUIC's coverage positions, the information considered by IUIC during the adjustment, and IUIC's communications concerning the November 2022 and February 2023 fires including protective safeguards.

(2)     **Brian Beatty,** M.S., RE/CM, Managing Director, Loss Assessment Group, Spectrum Forensics LLC, 3773 S. Jason St.  #2 | Englewood, CO 80110, 303-963-9650**.** Mr. Beatty may testify regarding Spectrum Forensics' evaluation of the claimed scope and cost of repairs, building loss assessment, allocation or overlap between the two fires, asbestos-

related scope issues, and opinions contained in Spectrum's reports.

(3)     **Todd Brand,** 14143 Denver West Parkway, Suite 550, Golden, CO 80401, 303-422-7400**.** Mr. Brand may testify regarding fire-protection engineering issues, including smoke alarms or detectors, code or fire-safety issues, and the opinions contained in his report.

(4)     **Drew Gause,** PCLA| Regional General Adjuster, Sedgwick, 7400 E. Orchard Road, Suite 4015-N, Greenwood Village, CO 80111-2529, 720-346-7321**.** Mr. Gause may testify regarding Sedgwick's adjustment of the claims, inspections, communications with Club Valencia and others, information received during the adjustment, the scope of claimed damage, asbestos issues, and estimates or reports prepared or reviewed during the claim.

(5)     **Todd Hedglin**, IAAI-CFI, IRIS Fire Investigations, 99 Inverness Dr., Suite 160, Englewood, CO 80112, 720-990-1804. Mr. Hedglin may testify regarding IRIS's fire investigation, origin-and-cause issues for the two fires, inspection access, smoke alarms or detectors, fire-scene observations, and his fire investigation reports.

(6)     **Alan Kyte, c/o Club Valencia's counsel.** Mr. Kyte may testify regarding Club Valencia's board activities, governing documents, insurance-related responsibilities, maintenance and repair responsibilities, Club Valencia's knowledge of smoke alarms or detectors, and communications before and after the fires.

(7)     **Andrew Norris, Chubb, c/o undersigned counsel.** Mr. Norris may testify regarding underwriting of the policy, including the application

9

and issuance history, the underwriting file, inspections and surveys, and

IUIC's understanding of the protective-safeguards requirements.

(8)    **David Royal**, c/o undersigned counsel.  Mr. Royal may testify

regarding his role in the adjustment of the claims.

(9)    **Zach Scott, c/o Club Valencia's counsel.** Mr. Scott may testify

regarding Club Valencia's property-management post-fire actions,

including communications with the HOA board, unit-owner

information, contractors, asbestos-related work, containment, and

testing, invoices, and repairs.

(10)    **Nicholas Daviscourt, New Garden Street 234, Apt. 106, Samara,**

**Russia, 443029; 303-647-7423.** Mr. Daviscourt may testify regarding

asbestos testing, settled-dust sampling, asbestos-spill delineation,

environmental conditions at the property, the need for remediation, and

opinions or reports prepared by QUEST.

(2)    witnesses who may be present at trial if the need arises (see Fed. R. Civ. P.
26(a)(3)(A)); and

i.    **Bill McLoughlin, c/o Club Valencia's counsel.** Mr. McLoughlin may

testify regarding his role as Club Valencia's public adjuster, the scope and

amount of Club Valencia's claimed losses, estimates and invoices,

communications with IUIC and others, and the basis for Club Valencia's

claimed damages.

ii.    **Connor O'Neill,** c/o Club Valencia's counsel. Mr. O'Neill may testify

regarding Club Valencia's current board position, Club Valencia's claims,

damages, repair positions, communications, document production, and the

Association's knowledge and actions after the fires.

   iii. **Severen McGowan** of the CDPHE, 4300 E. Cherry Creek South Dr.,

Denver, Colorado. 303-692-2000.  Mr. McGowan is a part of the

Permitting and Compliance team at CDPHE's Indoor Environment

Program. Mr. McGowan has been involved in monitoring the Club

Valencia Condominiums major asbestos spills that were the result of said

fires.

   iv. **Shane Druckenmiller, Gary Kirschke, and/or Justin Lewis** of the

South Metro Fire Resue Authority (South Metro Fire), 9195 E. Mineral

Avenue, Centennial, CO 80112. 720-989-2000, may testify regarding their

on-site investigations and observations of the fires, as contained in their

disclosed reports in this action or as reported to IUIC's fire experts (See

CV 26431-26434, IRIS 26-48, CV 9726-R-9737-R, and CV-ED 12073-

12076.

   v. Any other witnesses disclosed or called to testify by Club Valencia,
including.

(3)    witnesses where testimony is expected to be presented by means of a deposition
and, if not taken steno graphically, a transcript of the pertinent portions of the
deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**DEFENDANT'S FACT WITNESSES:**

See Witness List attached hereto as Exhibit 1.

c.  List the expert witnesses to be called by each party.  List separately:

**PLAINTIFF'S EXPERT WITNESSES:**

1

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    i.    **Brian Beatty,** M.S. RE/CM, Spectrum Forensics LLC, 3773 S. Jason St. #2, Englewood, CO 80110**.** Mr. Beatty is expected to offer rebuttal opinions regarding the replacement cost value and actual cash value of damage to Club Valencia as a result of the fires at issue.

    ii.    **Todd Brand,** BCER Engineering, 14143 Denver West Pkwy., Ste 550, Golden, CO 80401**.** Mr. Brand is expected to offer rebuttal opinions regarding the presence or absence of hard-wired smoke detectors at Club Valencia.

    iii.    **Todd J. Hedglin**, IAAI-CFI, IRIS Fire Investigations, 99 Inverness Dr., Suite 160, Englewood, CO 80112. Mr. Hedglin acted as a fire cause and origin investigator during the insurance claims at issue. He is expected to testify consistently with his reports of January 26, 2023 and February 16, 2023.

    iv.    **Nicholas Daviscourt, c/o undersigned counsel; 303-647-7423..** Mr. Daviscourt is expected to testify regarding asbestos testing, settled-dust sampling, asbestos-spill delineation, environmental conditions at the property, the need for remediation, and opinions or reports prepared by QUEST..

    v.    **Kearson Strong, Strong Consulting, 7215 County Highway 39, Altoona, Alabama 35952**. Ms. Strong is expected to testify consistently with her report, which is attached hereto as Exhibit "4". Ms. Strong is expected to testify that IUIC complied with all applicable industry standards in its adjustment of Club Valencia's insurance claim. IUIC acted reasonably and within the standard of practice of the insurance industry in the manner in which it investigated and evaluated the damages in the claims submitted by Club Valencia Condominium

Owner Association.

(2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));
And

i.    **Severen McGowan,** of the CDPHE**,** 4300 E. Cherry Creek South Dr., Denver,

Colorado. 303-692-2000. Mr. McGowan is a part of the Permitting and

Compliance team at CDPHE's Indoor Environment Program. Mr. McGowan

has been involved in monitoring the Club Valencia Condominiums major

asbestos spills that were the result of said fires.

ii.    **Shane Druckenmiller, Gary Kirschke, and Justin Lewis** of the South Metro

Fire Resue Authority (South Metro Fire), 9195 E. Mineral Avenue, Centennial,

CO 80112. 720-989-2000, may testify regarding their on-site investigations and

observations of the fires, as contained in their disclosed reports in this action or

as reported to IUIC's fire experts (See CV 26431-26434, IRIS 26-48, CV 9726-

R-9737-R, and CV-ED 12073-12076.

(3)    witnesses where testimony is expected to be presented by means of a deposition
and, if not taken steno graphically, a transcript of the pertinent portions of the deposition
testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**DEFENDANT'S EXPERT WITNESSES:**

See Witness List attached hereto as Exhibit 2.

*[With each witness' name, set forth (1) the witness' address and telephone number if
not previously disclosed, (2) a short statement as to the nature and purpose of the witness'
testimony, and (3) whether he or she is expected to testify in person or by deposition.]*

## 7.  EXHIBITS

*[a.    List the exhibits to be offered by each party and identify those to be stipulated into
evidence.  This list should be specific enough so that other parties and the court can understand,
merely by referring to the list, each separate exhibit which will be offered.  General references*

13

*such as "all deposition exhibits "or" all documents produced during discovery" are
unacceptable.]*

**Plaintiff(s) Exhibits:**

(1)     Alan Kyte Depo. Ex. 8 - E-Mail Correspondence with attachment; 15 pages;

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

(2)     Alan Kyte Depo. Ex. 16 - Condominium Declaration of Club Valencia

Condominiums; Bates Nos. CLUB VALENCIA 016052 through 16093

(3)     Alan Kyte Depo. Ex. 17 - Bylaws of the Club Valencia Condominium Association,

Inc.; Bates Nos. CLUB VALENCIA 016031 through 16042

(4)     Alan Kyte Depo. Ex. 18 - Articles of Incorporation of Club Valencia Condominium

Association, Inc.; Bates Nos. CLUB VALENCIA 016010 through 16015

(5)     Alan Kyte Depo. Ex. 19 - Club Valencia Homeowners Association Rules and

Regulations; Bates Nos. CLUB VALENCIA 016117 through 16127

(6)     Alan Kyte Depo. Ex. 21 - Club Valencia Condominium Association, Inc.

Maintenance, Repair, and Insurance Responsibility Chart; Bates Nos. CLUB VALENCIA 010171

through 10174

(7)     Alan Kyte Depo. Ex. 23 - Management Agreement between Club Valencia and

LCM Property Management; Bates Nos. CLUB VALENCIA 015050 through 15059

(8)     Alan Kyte Depo. Ex. 24 - Minutes of the Club Valencia Homeowner Association

June 29th, 2022; Bates Nos. CLUB VALENCIA 017815 and 17816

(9)     Alan Kyte Depo. Ex. 25 - E-Mail Correspondence; Bates Nos. CLUB VALENCIA

009885 through 9889

(10)    Alan Kyte Depo. Ex. 27 - Meeting Minutes July 27th; Bates Nos. CLUB

VALENCIA 017944

14

(11)    Alan Kyte Depo. Ex. 28 - E-Mail Correspondence; CLUB VALENCIA 009942 through 9946

(12)    Alan Kyte Depo. Ex. 49 - South Metro Fire Rescue Authority Basic Incident Report; Bates Nos. CLUB VALENCIA 010687 through 10690

(13)    Alan Kyte Depo. Ex. 50 - South Metro Fire Rescue Authority Basic Incident Report; Bates Nos. CLUB VALENCIA 010199 through 10202

(14)    Connor O'Neill Depo. Ex. 45 - E-Mail Correspondence; Bates No. CLUB VALENCIA 009852

(15)    Connor O'Neill Depo. Ex. 46 - E-Mail Correspondence; Bates Nos. CLUB VALENCIA 009863 and 9864

(16)    Connor O'Neill Depo. Ex. 47 - E-Mail Correspondence; Bates Nos. CLUB VALENCIA 009853 through 9862

(17)    Connor O'Neill Depo. Ex. 48 - E-Mail Correspondence; Bates Nos. CV 004893 through 4895

(18)    Connor O'Neill Depo. Ex. 54 - E-Mail Correspondence; Bates Nos. CLUB VALENCIA 010034 and 10035

(19)    Connor O'Neill Depo. Ex. 62 - Club Valencia Expenditures for Fire 1; Date 02/10/2024; Bates Nos. CLUB VALENCIA 014968 through 15030

(20)    Connor O'Neill Depo. Ex. 63 - Club Valencia Expenditures for Fire 2; Date 11/20/2024; Bates Nos. CV-ED 08760 through 8812

(21)    Connor O'Neill Depo. Ex. 1 - Previously marked exhibit; no description listed in index

(22)    Bill McLoughlin Depo. Ex. 39 - Ethos Environmental LLC Asbestos Inspection Report; Bates Nos. CLUB VALENCIA 010634 through 10686

15

(23)    Bill McLoughlin Depo. Ex. 58 - Report from Foothills Environmental; Date 05/22/2023; Bates Nos. CLUB VALENCIA 010395 through 10513

(24)    Bill McLoughlin Depo. Ex. 64 - Report from BCER; Date 03/13/2025; 9 pages

(25)    Bill McLoughlin Depo. Ex. 1 - Previously marked exhibit; no description listed in index

(26)    Nicholas Daviscourt Depo. Ex. 41 - Spectrum Forensics Club Valencia Preliminary Fire Damage Report; Date 03/31/2025; 278 pages

(27)    Nicholas Daviscourt Depo. Ex. 43 - ASTM Designation: D6480-19; 16 pages

(28)    Nicholas Daviscourt Depo. Ex. 44 - Excerpt from Colorado Asbestos Regulation 8; 2 pages

(29)    Nicholas Daviscourt Depo. Ex. 45 - QUEST Environmental Asbestos Surface Sampling Report; 99 pages

(30)    Nicholas Daviscourt Depo. Ex. 47 - QUEST Environmental Memorandum regarding PFAS in Settled Dust; 4 pages

(31)    Nicholas Daviscourt Depo. Ex. 48 - Ethos Environmental LLC's Asbestos Inspection Report; Bates Nos. CLUB VALENCIA 019947 through 19999

(32)    Nicholas Daviscourt Depo. Ex. 49 - E-Mail Correspondence with attachments; Date 04/14/2023; 2 pages

(33)    Nicholas Daviscourt Depo. Ex. 50 - Photograph; 1306 - First Floor Lobby; 1 page

(34)    Nicholas Daviscourt Depo. Ex. 51 - Photograph; 1306 - First Floor Lobby; 1 page

(35)    Nicholas Daviscourt Depo. Ex. 52 - Photograph; 1306 - Second Floor; 1 page

(36)    Nicholas Daviscourt Depo. Ex. 53 - Photograph; 1306 - Second Floor; 1 page

(37)    Nicholas Daviscourt Depo. Ex. 54 - Photograph; 1306 - Third Floor; 1 page

(38)    Nicholas Daviscourt Depo. Ex. 55 - Curriculum Vitae for Nicholas Daviscourt; 1

page

(39)    Nicholas Daviscourt Depo. Ex. 56 - QUEST and Nicholas Daviscourt Statement of

Qualifications and Rule 26 Information; 3 pages

(40)    Nicholas Daviscourt Depo. Ex. 57 - Ethos Environmental Settled-Dust Delineation

Inspection Report; Date 12/27/2022; 50 pages

(41)    Todd Brand Depo. Ex. 90 - Brand Report

(42)    Todd Brand Depo. Ex. 72 - Basic Incident Report

(43)    Todd Brand Depo. Ex. 91 - Fee Proposal

(44)    Todd Brand Depo. Ex. 92 - Sketch for Unit 209

(45)    Todd Brand Depo. Ex. 93 - Sketch for Unit 181

(46)    Todd Hedglin Depo. Ex. 70 - IRIS 2022 Fire Report

(47)    Todd Hedglin Depo. Ex. 71 - South Metro Fire Department 2022 Fire Incident

Report

(48)    Todd Hedglin Depo. Ex. 72 - Not identified

(49)    Todd Hedglin Depo. Ex. 73 - South Metro Fire Department 2023 Fire Investigation

Report

(50)    Todd Hedglin Depo. Ex. 74 - IRIS 2023 Fire Report

(51)    Todd Hedglin Depo. Ex. 76 – Chubb January 11, 2023 letter

(52)    Todd Hedglin Depo. Ex. 77 – March 13, 2025 Letter from Todd Brand

(53)    Todd Hedglin Depo. Ex. 78 - Picture of Mr. DeLaCerda Exiting the Building

(54)    Todd Hedglin Depo. Ex. 79 - Video of the Fire

(55)    Brian Beatty Depo. Ex. 24 - IRIS Summary of Findings, No. 1

(56)    Brian Beatty Depo. Ex. 28 - IRIS Summary of Findings, No. 2

(57)    Brian Beatty Depo. Ex. 40 - Preliminary Fire Damage Report, Spectrum Forensics

(58)    Brian Beatty Depo. Ex. 41 - Club Valencia Preliminary Fire Damage Report

(59)    Brian Beatty Depo. Ex. 42 - Curriculum Vitae of Mr. Beatty

(60)    Brian Beatty Depo. Ex. 48 - Ethos Asbestos Inspection Report

(61)    Brian Beatty Depo. Ex. 55 - Ethos Settled-Dust Delineation Inspection Report

(62)    Brian Beatty Depo. Ex. 80 - 1/27/25 Email, IUIC's Rule 34 Inspection

(63)    Drew Gause Depo. Ex. 23.1 - E-Mail Correspondence; Date 11/30/2022; Bates No. IUIC_001544

(64)    Drew Gause Depo. Ex. 100 - E-Mail Correspondence; Subject: New Assignment; Date 11/09/2022; Bates Nos. SEDGWICK 000399 through 401

(65)    Drew Gause Depo. Ex. 101 - E-Mail Correspondence; Date 11/09/2022; Bates Nos. IUIC_000024 and 25

(66)    Drew Gause Depo. Ex. 102 - 2022 Binder Policy; Bates Nos. SEDGWICK 000278 through 293

(67)    Drew Gause Depo. Ex. 103 - E-Mail Correspondence; Date 11/11/22; Bates No. SEDGWICK 000337

(68)    Drew Gause Depo. Ex. 104 - E-Mail Correspondence; Date 11/13/2022; Bates Nos. SEDGWICK 000104 and 105

(69)    Drew Gause Depo. Ex. 105 - Report from Drew Gause, PCLA; Date 11/14/2022; Bates Nos. SEDGWICK 000354 through 360

(70)    Drew Gause Depo. Ex. 106 - E-Mail Correspondence; Bates No. IUIC_000106

(71)    Drew Gause Depo. Ex. 107 - Earth Services & Abatement Estimate; Date 11/16/2022; 8 pages

(72)    Drew Gause Depo. Ex. 108 - ROM Estimate from MKA International, Inc.; Date 11/28/2022; Bates Nos. SEDGWICK 000245 through 277

(73)   Drew Gause Depo. Ex. 109 - E-Mail Correspondence with attachment; Date 11/18/2022; Bates No. SEDGWICK 000102

(74)   Drew Gause Depo. Ex. 110 - E-Mail Correspondence; Date 11/22/22; Bates No. SEDGWICK 000106

(75)   Drew Gause Depo. Ex. 111 - Report from Ethos Environmental; Date 11/17/2022; Bates Nos. SEDGWICK 000010 through 101

(76)   Drew Gause Depo. Ex. 112 - E-Mail Correspondence; Date 11/30/2022; Bates Nos. CRC_013657 and 13658

(77)   Drew Gause Depo. Ex. 113 - CDPHE Major Asbestos Spill Notification; Bates No. SEDGWICK 000009

(78)   Drew Gause Depo. Ex. 114 - E-Mail Correspondence; Date 12/01/22; Bates No. CCIA_000647

(79)   Drew Gause Depo. Ex. 116 - E-Mail Correspondence; Bates Nos. CCIA_000479 through 481

(80)   Drew Gause Depo. Ex. 117 - E-Mail Correspondence; Bates Nos. CCIA_000325 and 326

(81)   Drew Gause Depo. Ex. 118 - E-Mail Correspondence; Bates Nos. CCIA_000422 through 424

(82)   Drew Gause Depo. Ex. 119 - E-Mail Correspondence; Bates Nos. CCIA_000455 through 457

(83)   Drew Gause Depo. Ex. 120 - Sedgwick Cost Detail; Bates No. SEDGWICK 000243

(84)   Drew Gause Depo. Ex. 120.5 - E-Mail Correspondence with attachment; Bates Nos. CCIA_001720 through 1723

19

(85)    Drew Gause Depo. Ex. 121 - Photograph of Fencing; 1 page

(86)    Drew Gause Depo. Ex. 122 - Invoice; Bates No. SEDGWICK 000242

(87)    Drew Gause Depo. Ex. 123 - Letter from Drew Gause, PCLA; Date 02/27/2023;

Bates Nos. SEDGWICK 000386 and 387

(88)    Drew Gause Depo. Ex. 124 - Report by Drew Gause, PLCA; Date 02/16/2023;

Bates Nos. SEDGWICK 05 19 25 000151 through 156

(89)    Drew Gause Depo. Ex. 125 - E-Mail Correspondence; Date 11/09/2022; Bates No.

IUIC_000009

(90)    Fernando Almanza Depo. Ex. P1 - E-Mail Correspondence; Bates Nos.

CCIA_000325 and 326

(91)    Fernando Almanza Depo. Ex. P2 - E-Mail Correspondence; Bates Nos.

CCIA_000434 through 436

(92)    Fernando Almanza Depo. Ex. P3 - E-Mail Correspondence; Bates Nos.

CCIA_000422 through 424

(93)    Fernando Almanza Depo. Ex. P8 - E-Mail Correspondence; Bates No.

IUIC_001544

(94)    Fernando Almanza Depo. Ex. P9 - Chubb Denial Letter; Date 01/11/2023; Bates

Nos. IUIC 002003 through 2010

(95)    Fernando Almanza Depo. Ex. 200 - Colorado Secretary of State Website Page for

Almanza Construction LLC; 1 page

(96)    Zach Scott Depo. Ex. 1 - Notice of Deposition

(97)    Zach Scott Depo. Ex. 2 - ETHOS Environmental LLC Asbestos Inspection Report

(98)    Zach Scott Depo. Ex. 3 - Major Asbestos Spill Notification

(99)    Zach Scott Depo. Ex. 4 - E-mail Dated: November 15, 2022, Subject: 1300 S Parker

Rd Asbestos Inspection Report, ETHOS Environmental LLC

(100) Zach Scott Depo. Ex. 5 - Turnkey Environmental and Demolition Services Proposal

(101) Zach Scott Depo. Ex. 6 - Rio Grande Environmental Asbestos Abatement

(102) Zach Scott Depo. Ex. 7 - E-mail Dated November 18, 2022, Subject: Chubb Claim: KY22K3080803, Club Valencia Condo Owners Association, Sedgwick File DEN22155310-Unit Owners

(103) Zach Scott Depo. Ex. 8 - E-mail Dated: November 19, 2022, Subject: 1300 Parker Spill-ESA Proposal

(104) Zach Scott Depo. Ex. 9 - E-mail Dated: November 19, 2022, Subject: 1300 Parker Rd Denver, CO Scope Proposal

(105) Zach Scott Depo. Ex. 10 - E-mail Dated: February 27, 2023, Subject: Chubb's Field Representatives

(106) Zach Scott Depo. Ex. 11 - Photograph of Club Valencia

(107) Zach Scott Depo. Ex. 12 - Foran Glennon Letter January 30, 2023

(108) Zach Scott Depo. Ex. 13 - E-mail Dated: January 31, 2023, Subject: Club Valencia Claim

(109) Zach Scott Depo. Ex. 14 - E-mail Dated: February 1, 2023, Subject: Access for Club Valencia for November 3, 2022

(110) Zach Scott Depo. Ex. 15 - E-mail Dated: February 12, 2023, Subject: Club Valencia Claim

(111) Zach Scott Depo. Ex. 16 - E-mail Dated: February 28, 2023, Subject: Club Valencia

(112) Zach Scott Depo. Ex. 17 - E-mail Dated: February 28, 2023, Subject: Club Valencia

(113) Zach Scott Depo. Ex. 18 - Asbestos Spill Delineation Inspection Report

(114) Zach Scott Depo. Ex. 19 - Club Valencia Expenditures for Fire 1-Incurred and Paid

(115) Zach Scott Depo. Ex. 20 - Photograph of Club Valencia with Marks 1 and 2

(116) Zach Scott Depo. Ex. P1 - E-mail Dated: January 13, 2023, Scott Fenton

(117) Zach Scott Depo. Ex. P2 - E-mail Dated: February 4, 2023, Scott to Wilderotter

(118) Zach Scott Depo. Ex. P3 - E-mail Dated: February 11, 2023, Scott to Wilderotter

(119) Zach Scott Depo. Ex. P5 - Contractors Invoice Dated November 3, 2022

(120) Zach Scott Depo. Ex. P6 - Fencing

(121) Zach Scott Depo. Ex. P7 - E-mail Dated: November 18, 2022, Subject: Club
Valencia Unit Owner Info

(122) Zach Scott Depo. Ex. P8 - E-mail Dated: November 30, 2022, Subject: Club
Valencia Condo

(123) Zach Scott Depo. Ex. P9 - Chubb Denial Letter Dated: January 11, 2023

(124) Andrew Norris / IUIC 30(b)(6) Depo. Ex. 17 - Letter from Chubb dated 11/10/22,
providing copy of policy between 11/1/22 and 11/1/23, Nos. IUIC_3218-3307

(125) Andrew Norris / IUIC 30(b)(6) Depo. Ex. 29 - Statement of values, Nos.
IUIC_1682-1684

(126) Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 2 - Insurance policy attached to Illinois
Union's complaint

(127) Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 3 - Declarations attached to complaint
filed by Illinois Union

(128) Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 18 - Reservation of rights letter dated
11/14/22 from Chubb to Derek Fenton, Nos. IUIC_1171-1182

(129) Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 19 - Reservation of rights letter dated
12/6/22 from Chubb to Derek Fenton, Nos. IUIC_1546-1548

(130) Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 20 - Report dated 11/14/22 from

Sedgwick to Chubb, Nos. IUIC_1176-1182

(131)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 21 - Requests for authority to close dated 12/8/22, No. IUIC_168

(132)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 22 - Denial letter for first fire dated 1/11/23 from Chubb to Derek Fenton, Nos. IUIC_2003-2010

(133)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 23 - CRC response to first denial letter, Nos. IUIC_2011-2013

(134)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 23.2 - E-mail dated 11/29/22 from Drew Gause to Jackie, re Club Valencia condo, No. IUIC_1544

(135)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 24 - Letter dated 1/30/23 from Brian Devilling to Chad Propst, Nos. IUIC_1775-1780

(136)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 24.1 - IRIS summary of findings dated January 2023, Nos. IRIS 70-79

(137)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 25 - Letter from Mr. Gilfillan to Mr. Devilling, Nos. IUIC_1999-2002

(138)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 27 - Letter dated 3/10/23 from Chubb to Derek Fenton, Nos. IUIC_1975-1980

(139)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 28 - Letter dated 3/21/23 from Mr. Devilling to Mr. Gilfillan, Nos. IUIC_1781-1782

(140)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 28.1 - IRIS summary of findings dated February 2023, Nos. IUIC_2258-2264

(141)  Ashley Argyle / IUIC 30(b)(6) Depo. Ex. 31 - Coverage letter dated 3/14/23, No. IUIC_2019

**(2)     Defendant(s):**

See Exhibit List attached hereto as Exhibit 3.

*[The following paragraph shall be included in the final pretrial order.]*

b.        Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

IUIC: Discovery has been completed, though IUIC has no objection if Club Valencia wants to depose Mr. Daviscourt regarding his supplemental report that was provided to Club Valencia on April 2, 2026.

Club Valenica's Position: The parties completed expert disclosures last year, but without filing any motion to allow for late disclosure of new expert opinions, IUIC provided a new report to Club Valencia on April 2, 2026, from Mr. Daviscourt that was dated March 11, 2026. IUIC then endorsed its new and untimely expert opinion on May 7, 2026, without filing any motion to amend the scheduling order to allow for the late disclosure of new expert opinions. Club Valencia objects to any late disclosure of new expert opinions by IUIC due to the undue prejudice that would be caused by such late disclosure because, among other reasons, a single deposition would not cure such prejudice. Club Valencia can fully address this matter upon the filing of a motion, if any, by IUIC.

## 9.  SPECIAL ISSUES

*[List any unusual issues of law which the court may wish to consider before trial. If none, please state, "None."]*

**None.**

## 10.  SETTLEMENT

*[Include a certification by the undersigned counsel for the parties and any pro se party*

*that:]*

a.    Counsel for the parties and any *pro se* party met *by telephone* on
      <u>March 20, 2026</u>, to discuss in good faith the settlement of the case.

b.    The participants in the settlement conference, included counsel, party
      representatives, and any *pro se* party.

c.    The parties were promptly informed of all offers of settlement.

d.    Counsel for the parties and any *pro se* party do intend to hold future settlement
      conferences or private mediation.

e.    It appears from the discussion by all counsel and any *pro se* party that there is
      *[select one]*:
      **(some possibility of settlement.)**

f.    Counsel for the parties and any *pro se* party considered ADR in accordance with
      D.C.COLO.LCivR.16.6.

4

**11.  OFFER OF JUDGMENT**

[*The following paragraph shall be included in the final pretrial order:*]

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

**12.  EFFECT OF FINAL PRETRIAL ORDER**

*[The following paragraph shall be included in the final pretrial order:]*

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

**13.  TRIAL AND ESTIMATED TRIAL TIME;
FURTHER TRIAL PREPARATION PROCEEDINGS**

*[State:*

*1.    whether trial is to the court or a jury or both:* **JURY**

*2.    estimated trial time:* **7-day jury trial**

*3.    situs of trial:* **Alfred A. Arraj United States Courthouse A741 / Courtroom A701**

*4.    any other orders pertinent to the trial proceedings.]*

[*Counsel and the parties should note that the procedures for setting and conducting trial and for further conferences before trial vary according to the district judge assigned to the case.  The judges all have written procedures which can be obtained from the clerk's office.]*

DATED this ___12th___ day of ____May_____, 20_26_____.

BY THE COURT

_M. Reid Neureiter_____

United States Magistrate Judge

APPROVED:


Dated: May 8, 2026


ANDERSON LAW GROUP

_/s/Thomas H. Wagner_____
M. Stuart Anderson
Thomas H. Wagner
Anderson Law Group
7385 W. Highway 50
Salida, CO  81201
Telephone: (719) 539-7003
Stuart@anderson-lg.com
Tom@anderson-lg.com

*Counsel for Defendant*

FORAN GLENNON PALANDECH PONZI
& RUDLOFF P.C.

_/s/ Christopher M. Snow_____
Matthew S. Ponzi
Christopher M. Snow
Foran Glennon Palandech Ponzi & Rudloff
222 North LaSalle St., Suite 1400
Chicago, IL 60601
(312) 863-5000
mponzi@fgppr.com
csnow@fgppr.com

*Attorneys for Plaintiff IUIC*

5